BLAIR CAMERA CO. v. ROBEY et al.

(Circuit Court, D. Massachusetts. January 19, 1893.)

No. 2,741.

PATENTS FOR INVENTIONS—ANTICIPATION—PHOTOGRAPH CAMERAS.

The third claim of letters patent No. 159,537, issued February 9, 1875, to Stewart L. Bergstresser for a camera having a plate holder closed on all sides except the one where the picture is inserted, is void because of anticipation by letters patent No. 116,771, issued July 4, 1871, to John and Jacob Stork.

In Equity. Suit by the Blair Camera Company against William H. Robey and others for infringement of a patent. Bill dismissed.

John L. S. Roberts, for complainant.
Edwin H. Brown, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of the third claim of letters patent No. 159,537, granted February 9, 1875, to Stewart L. Bergstresser, as follows: "(3) A plate holder closed on all sides except the one where the picture is inserted, substantially as set forth." In the plate holder shown in the patent the photographic plate is inserted through the front, and the holder has no other opening through which light could come to the sensitized plate. A plate holder exactly similar, in this regard, is shown in the letters patent No. 116,771, granted July 4, 1871, to John Stork and Jacob Stork, in which there is no opening except that through which the plate is inserted. The complainant points out that in the Stork holder the plate is drawn into the box by means of a plunger or handle passing through a hole in the back of the box, and that light may be admitted around this plunger; but the drawing annexed to the patent here in suit also shows a handle for operating a flexible shutter, which handle passes through a slot in the back of the box, and around which light may be admitted. It is thus evident that such an opening is not excluded by the words "closed on all sides." The structure described in the third claim of the Bergstresser patent is therefore fully shown in the Stork patent. The claim is invalid, for want of novelty, and the bill must be dismissed.